Rebecca L. Hill, USB No. 06246
CHRISTENSEN & JENSEN, P.C.
258 East 200 South, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 323-5000
Email: rebecca.hill@chrisjen.com

Nancy D. Adams (admitted *pro hac vice*)
Ellen M. Farrell (admitted *pro hac vice*)
Jennifer Y. Kim (admitted *pro hac vice*)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
nadams@mintz.com
emfarrell@mintz.com
jkim@mintz.com

*Counsel for Plaintiff State Auto & Casualty Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ORTLER, APRIL FISCHER, MILLINDA JOHNSON, AIMEE JOHNSON and SARAH BARLOW,<br><br>Defendants. | **PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Civil No. 4:24-cv-00023-PK<br><br>Date:<br>Time:<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND AND RELEVANT FACTS | 2 |
| | A. The Underlying Lawsuit | 2 |
| | B. The Policies | 4 |
| | C. State Auto's Coverage Position | 6 |
| | D. The Coverage Action | 6 |
| III. | APPLICABLE LAW | 7 |
| | A. Standard of Review | 7 |
| | B. Principles of Insurance Policy Interpretation under Utah Law | 9 |
| IV. | ARGUMENT | 9 |
| | A. The Policies do not afford Ortler a defense because there is no possibility of coverage for the Underlying Lawsuit | 9 |
| |    1. The Underlying Lawsuit does not Allege an "Occurrence" as to Ortler | 10 |
| |    2. Emotional Distress Allegedly caused by Ortler's Stalking, Harassment, Intimidation and Retaliation Does not Constitute "Bodily Injury" Under the Policies | 13 |
| | B. Because there is no duty to defend Ortler, there is no duty to indemnify Ortler. | 14 |
| V. | CONCLUSION | 15 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Auto-Owners Ins. Co. v. Fleming*,
 701 Fed.Appx. 738 (10th Cir. 2017) ................................................................................. 9

*Auto-Owners Ins. Co. v. Timbersmith*,
 Case No. 2:12-cv-00786, 2016 U.S. Dist. LEXIS 78748 (D. Utah June 15,
 2016) ............................................................................................................................. 13

*Banner Bank v. First Am. Title Ins. Co.*,
 916 F.3d 1323 (10th Cir. 2019) ....................................................................................... 3

*Basic Research, LLC v. Admiral Ins. Co.*,
 297 P.3d 578 (Utah 2013) ........................................................................................... 9, 10

*Buhler v. BCG Equities, LLC*,
 Case No. 2:19-cv-00814-DAK, 2020 U.S. Dist. LEXIS 32129 (D. Utah Feb.
 24, 2020) ......................................................................................................................... 8

*N.M. ex rel. Caleb v. Daniel E.*,
 175 P.3d 566 (Utah 2008) ......................................................................................... 11, 12

*Cannon v. State Farm Mut. Auto Ins. Co.*,
 Case No. 2:13-cv-186 DN, 2013 WL 5563303 (D. Utah Oct. 7, 2013) ........................ 14

*Chilcoat v. San Juan County*,
 Case No. 4:19-CV-00027-DN-PK, 2020 U.S. Dist. LEXIS 55228 (D. Utah
 Mar. 30, 2020) ............................................................................................................... 11

*Cole v. State Farm Fire & Cas. Co.*,
 25 Fed.Appx. 791 (10th Cir. 2002) ............................................................................... 13

*D.D.Z. v. Molerway Freight Lines, Inc.*,
 880 P.2d 1 (Utah 1994) ................................................................................................. 11

*Deseret Fed. Sav. & Loan Ass'n v. U.S. Fid. & Guar. Co.*,
 714 P.2d 1143 (Utah 1986) ........................................................................................... 10

*Encompass Indem. Cop. v. J.H. and D.C.*,
 Case No. 1:16-cv-00018-DN, 2017 U.S. Dist. LEXIS 73085 (D. Utah May 12,
 2017) ............................................................................................................................. 12

*Erie Ins. Prop. & Cas. Co. v. Dolly & B.D.K.*,
 507 F.Supp.3d 702 (N.D. West Va. 2020) .................................................................... 13

*Founders Ins. Co. v. Tracks Brewing Co.*,
   Case No. 2:13-cv-00986-DN, 2015 U.S. Dist. LEXIS 35359 (D. Utah Mar.
   20, 2015) ............................................................................................................................8

*Gilchrist v. Citty*,
   71 Fed. Appx. 1, 2-3 (10th Cir. 2003) .................................................................................8

*IHC Health Servs. v. Aetna Health of Utah, Inc.*,
   No. 2:21-CV-30 TS, 2022 U.S. Dist. LEXIS 29682 (D. Utah Feb. 17, 2022) ......................8, 9

*Nova Cas. Co. v. Able Const., Inc.*,
   983 P.2d 575 (Utah 1999) ................................................................................................9, 10

*Owners Ins. Co. v. Greenhalgh Planning & Devel., Inc.*,
   Case No. 22-4008, 2023 U.S. App. LEXIS 20137 (10th Cir. Aug. 4, 2023) ..........................14

*Progressive Cas. Ins. Co. v. Ewart*,
   167 P.3d 1011 .......................................................................................................................13

*Richards v. Standard Acc. Ins. Co.*,
   58 Utah 622, 200 P. 1017 (1921) .................................................................................11, 12

*Semper v. Yellen*,
   No. 1:22-cv-00070-TS-CMR, 2024 U.S. Dist. LEXIS 58375 (D. Utah Jan. 24,
   2024) .....................................................................................................................................8

*Seymour v. Garfield Cnty.*,
   580 F. Supp. 3d 1039 (D. Utah 2022) ..................................................................................8

*Stephens v. Bonneville Travel, Inc.*,
   935 P.2d 518 (Utah 1997) ..................................................................................................11

*Summerhaze Co., L.C. v. Fed. Deposit Ins. Corp.*,
   332 P.3d 908 (Utah 2014) ..................................................................................................10

*Taylor v American Fire & Cas. Co.*,
   925 P.2d 1279 (Utah Ct. App. 1996) ..................................................................................12

**Other Authorities**

Fed. R. Civ. P. 12 ............................................................................................................1, 7, 8, 15

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Plaintiff/Counter-Defendant State Auto Property & Casualty Insurance Company ("State Auto"), by and through its undersigned counsel, submits this motion ("Motion") for judgment on the pleadings.

## I. INTRODUCTION

Plaintiff State Auto seeks a judgment through this Motion that general liability insurance policies (the "Policies") issued to Copper Chase Condominium Association ("Copper Chase") do not afford coverage, as a matter of law, to Defendant James Ortler ("Ortler") for an underlying lawsuit in which plaintiffs allege that (i) Ortler sexually assaulted and sexually battered them; and (ii) after reporting Ortler's conduct to law enforcement, Ortler stalked, harassed, intimidated and retaliated against them.

The plaintiffs in that lawsuit (the "Underlying Lawsuit") are April Fischer ("Underlying Plaintiff Fischer"), Millinda Johnson ("Underlying Plaintiff M. Johnson"), Aimee Johnson ("Underlying Plaintiff A. Johnson"), and Sarah Barlow ("Underlying Plaintiff Barlow") (collectively, the "Underlying Plaintiffs"). The Underlying Plaintiffs allege that Ortler sexually assaulted Underlying Plaintiff M. Johnson and sexually assaulted and battered Underlying Plaintiff Fischer. They further allege that when Underlying Plaintiff Fischer pressed rape charges, Ortler pressured them to try to get Underlying Plaintiff Fischer to drop those charges. Ortler's conduct was allegedly so egregious that the Underlying Plaintiffs sought – and obtained – multiple protective orders from the court. Based upon the Underlying Plaintiffs' allegations, they asserted the following three causes of action against Ortler: (i) Sexual Assault & Battery (Underlying Plaintiff Fischer); (ii) Sexual Assault (Underlying Plaintiff M. Johnson); and (iii) Infliction of Emotional Distress (All Underlying Plaintiffs against All Defendants).

To be afforded coverage under the Policies for the Underlying Lawsuit, at a minimum, the Underlying Plaintiffs must allege "bodily injury" caused by an "occurrence." As explained below, there is no coverage for the (i) Sexual Assault, or (ii) Sexual Assault and Battery causes of action because an intent to injure is inferred by law and, as such, any alleged injuries arising from the sexual assaults and battery were not caused by an "occurrence."

The Policies likewise do not afford coverage for the third cause of action, Infliction of Emotional Distress. The Underlying Plaintiffs allege that Ortler intentionally (or alternatively, unintentionally) caused them emotional distress. Because the Underlying Plaintiffs only allege conduct by Ortler from which an intent to injure can be inferred, the Infliction of Emotional Distress does not allege injury arising from an "occurrence". Moreover, even if the Underlying Plaintiffs' factual allegations could support a claim that Ortler unintentionally caused them emotional distress (and they do not), emotional distress, without accompanying bodily injury, sickness, or disease, does not constitute "bodily injury" under the Policies.

State Auto is therefore entitled to judgment as a matter of law that the Policies do not afford coverage – defense or indemnity – for the Underlying Lawsuit. The Motion should be granted.

## II.  BACKGROUND AND RELEVANT FACTS

### A.  The Underlying Lawsuit

On June 17, 2022, April Fischer, Millinda Johnson, Aimee Johnson, and Sarah Barlow (previously defined, collectively, as the "Underlying Plaintiffs") filed a Complaint in the Underlying Lawsuit (the "Underlying Complaint") alleging nine causes of action against Ortler, Copper Chase and a third underlying defendant, Kris

Winters. [ECF No. 2-1.]¹ The Underlying Complaint alleges the following as to Ortler: First, the Underlying Complaint alleges that in the summer of 2020, Underlying Plaintiff M. Johnson was subjected to Ortler's sexual advances after driving him home, and when she refused, "[s]uddenly and without warning, Ortler swung the [bedroom] door open and stood there looking at [Johnson] who quickly grabbed for the bedspread to cover her nakedness." [ECF No. 2-1, Ex. A at ¶¶ 44-48.]

Second, the Underlying Complaint alleges that in September 2020, Ortler approached Underlying Plaintiff Fischer who was in a jacuzzi, and "without warning, forcibly ripped a towel from her, exposing her and causing her to react by immediately dropping into the water to cover herself. Having trapped her without clothing in the jacuzzi, [Ortler] then forcibly subjected her to a sex battery at [his] hands." [ECF No. 2-1, Ex. A at ¶ 61.] According to the Underlying Complaint, on April 3, 2021, Ortler was arrested and charged with crimes related to sexual assault, battery, and rape. [*Id*. at ¶ 63.]

Third, the Underlying Complaint alleges that upon Ortler's release from jail pending trial on the criminal charges, beginning on July 13, 2021, Ortler "stalk[ed], harass[ed], intimidate[d], and retaliate[d]" against Underlying Plaintiff Fischer and her family "to scare them into dropping the rape charges."² [*Id*. at ¶¶ 65-66.] The Underlying Complaint alleges that this "stalking, harassment, intimidation and retaliation" caused Underlying Plaintiff Fischer "to seek and obtain a Protective

---

¹ Underlying Plaintiff Barlow originally sued Ortler individually and as mother and natural guardian of the minor children William Johnson, Amalia Johnson and Amaron Johnson. [ECF No. 2-1, Ex. A.] Underlying Plaintiff Barlow later dismissed claims as a mother and natural guardian of William Johnson, Amalia Johnson and Amaron Johnson.

² Ortler ultimately pled guilty to Sexual Battery of Underlying Plaintiff Fischer. *See* Exhibit A.

Order against Ortler in Iron County on July 19, 2021 in Case No. 211500184," and that when Ortler resisted the Protective Order, following an evidentiary hearing the Iron County court modified the Protective Order to make it permanent and to "further limit[] Ortler's presence at Copper Chase." [*Id*. at ¶¶ 67-71.] The Underlying Complaint alleges that "[d]espite the more restrictive Protective Order and admonitions by the court, Ortler has continued to use his position as President of [Copper Chase] to access, harass, intimidate and retaliate against [Underlying Plaintiff Fischer] and her family." [*Id*. at ¶ 72.] More specifically, Ortler allegedly (1) photographed Underlying Plaintiff Fischer's sister and her friends; (2) installed video surveillance cameras throughout the Copper Chase condominium complex; (3) directed his Property Manager "to secretly video film and record" Underlying Plaintiff Fischer and her family, in violation of the Protective Order and without their consent; and (4) has "frequently show[n] up within minutes" of the Underlying Plaintiffs' and their family members "arriving in a Copper Chase common area . . . to intimidate them." [*Id*. at ¶¶ 73-80.]

The Underlying Complaint alleges three causes of action against Ortler: (1) Sexual Assault and Battery by Underlying Plaintiff Fischer; (2) Sexual Assault by Underlying Plaintiff M. Johnson; and (3) Infliction of Emotional Distress by all Underlying Plaintiffs. [*Id*. at ¶¶152-167, 194-203.]

### B. The Policies

State Auto issued the following businessowner policies with commercial general liability ("CGL") coverage to Copper Chase:

- Policy Number 2921894-02, with a policy period of September 15, 2019 to September 15, 2020 (the "2019 Policy");
- Policy Number 2921894-03, with a policy period of September 15, 2020 to September 15, 2021 (the "2020 Policy"); and

- Policy Number 2921894-04, with a policy period of September 15, 2021 to September 15, 2022 (the "2021 Policy")

(previously defined, collectively, as the "Policies"). [*See* ECF Nos. 2-2, 2-3, 2-4.]. The CGL coverage contains two coverage parts: (i) Coverage A – Bodily Injury and Property Damage; and (ii) Coverage B – Personal and Advertising Injury Liability.

The Insuring Agreement for Coverage A, Bodily Injury and Property Damage Liability, provides as follows:

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; …

[ECF No. 2-2, Ex. B at SA_000008; ECF No. 2-3, Ex. C at SA_000031; ECF No. 2-4, Ex. D at SA_000054.]

Under this Insuring Agreement, for the Policies to potentially apply – and to require a duty to defend – the Underlying Lawsuit must allege "bodily injury" caused by an "occurrence." The term "bodily injury" is defined to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." [ECF No. 2-2, Ex. B at SA_000019; ECF No. 2-3, Ex. C at

SA_000042; ECF No. 2-4, Ex. D at SA_000065.] The term "occurrence" is defined to mean "an accident, including continuous or repeated exposure to the same general harmful conditions." [ECF No. 2-2, Ex. B at SA_000020; ECF No. 2-3, Ex. C at SA_000043; ECF No. 2-4, Ex. D at SA_000066.]

The Policies also each contain an "Expected Or Intended Injury" Exclusion, that bars coverage for "'[b]odily injury' or 'property damage' expected or intended from the standpoint of the insured." [ECF No. 2-2, Ex. B at SA_000008-09; ECF No. 2-3, Ex. C at SA_000031-32; ECF No. 2-4, Ex. D at SA_000054-55.]

With respect to Coverage B, because the Underlying Plaintiffs do not allege a "personal and advertising injury", this coverage is not implicated here.

### C. State Auto's Coverage Position

On or around June 6, 2022, Copper Chase provided State Auto with notice of circumstances with respect to the Underlying Plaintiffs' allegations. [ECF No. 2 at ¶ 36.] By correspondence dated August 31, 2022, State Auto provided its reservation of rights regarding coverage to Ortler with respect to the Underlying Lawsuit. [*Id.* at ¶ 37.]

### D. The Coverage Action

On February 22, 2024, State Auto filed this Coverage Action seeking a declaration that it has no duty to defend or indemnify Ortler against the Underlying Lawsuit, for one or more of these reasons:

    a.    Ortler is not afforded insured status with respect to the Underlying Lawsuit;

    b.    There is no coverage for the Underlying Lawsuit to the extent the Underlying Plaintiffs do not allege "bodily injury";

c. There is no coverage for the Underlying Lawsuit to the extent the Underlying Plaintiffs do not allege "bodily injury" that occurred during the Policies' respective policy periods;

d. There is no coverage for the Underlying Lawsuit because the Underlying Plaintiffs' alleged "bodily injury," if any, was not caused by an "occurrence"; and/or

e. The Expected and Intended Injury Exclusion in the Policies bars coverage for the Underlying Plaintiffs' alleged "bodily injury," if any.

[ECF No. 2 at ¶ 39.] State Auto also named the Underlying Plaintiffs as nominal defendants in the Coverage Action. State Auto did this "solely so that they will be bound by the judgment" in the Coverage Action; State Auto does not seek any relief against them. [*Id.* at ¶ 8.]

On May 31, 2024, Ortler filed an Answer to State Auto's Complaint in this Coverage Action. [ECF No. 24.] Ortler also filed a Counterclaim against State Auto asserting that, under the Policies, State Auto is obligated to defend him against the Underlying Lawsuit. On June 21, 2024, the Underlying Plaintiffs/Nominal Defendants filed an Answer, Response and Objection to the Complaint. [ECF No. 34.] On July 10, 2024, State Auto moved to dismiss Ortler's Counterclaim on the grounds that the Policies do not afford coverage – defense or indemnity – to Ortler for the Underlying Lawsuit. [ECF Nos. 24, 38.]

## III. APPLICABLE LAW

### A. Standard of Review

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court's function on a Rule 12(c) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's

complaint alone is legally sufficient to state a claim for which relief may be granted." *Seymour v. Garfield Cnty.*, 580 F. Supp. 3d 1039, 1048 (D. Utah 2022) (quoting *Gilchrist v. Citty,* 71 Fed. Appx. 1, 2-3 (10th Cir. 2003) (unpublished)). Here, the pleadings are closed with respect to State Auto's Complaint in light of Ortler's Answer to that Complaint. [ECF Nos. 2, 24.]

"A Rule 12(c) motion for judgment on the pleadings is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss." *Semper v. Yellen*, No. 1:22-cv-00070-TS-CMR, 2024 U.S. Dist. LEXIS 58375, at *6 (D. Utah Jan. 24, 2024) (unpublished) (citing *Mock v. T.G. & Y Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992)). "[U]nder the 12(b)(6) standard, for a plaintiff's case to survive a motion for judgment on the pleadings, the plaintiff's 'complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Buhler v. BCG Equities, LLC*, Case No. 2:19-cv-00814-DAK, 2020 U.S. Dist. LEXIS 32129, at *3 (D. Utah Feb. 24, 2020) (unpublished) (quoting *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010)). Despite conceding the "accuracy of the factual allegations in [an] adversary's pleading, [the moving party] does not admit all other assertions in the opposing party's pleading that constitute conclusions of law, legally impossible facts, or matters that would not be admissible in evidence at trial." *Founders Ins. Co. v. Tracks Brewing Co.*, Case No. 2:13-cv-00986-DN, 2015 U.S. Dist. LEXIS 35359, at *3–4 (D. Utah Mar. 20, 2015) (unpublished) (quoting 5C Charles Alan Wright, et al., Federal Practice & Procedure § 1368 (3d ed. 2014)).

As with a Rule 12(b)(6) motion, on a motion for judgment on the pleadings "a district court not only considers the complaint 'but also the attached exhibits,' the 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *IHC Health Servs. v. Aetna Health of Utah, Inc.*, No. 2:21-CV-30 TS, 2022 U.S. Dist. LEXIS 29682, at *3–4 (D. Utah Feb. 17, 2022) (unpublished) (citations omitted). "The Court 'may consider documents referred to

in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* at *4 (*quoting Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

### B. Principles of Insurance Policy Interpretation under Utah Law

Utah law governs in this diversity case. *See Auto-Owners Ins. Co. v. Fleming*, 701 Fed.Appx. 738, 741 (10th Cir. 2017) (unpublished). "Under Utah law, '[a]n insurance policy is merely a contract between the insured and the insurer and is construed pursuant to the same rules applied to ordinary contracts.'" *Id.*, citing *Alf v. State Farm Fire & Cas. Co.*, 850 P.2d 1272, 1274 (Utah 1993) (affirming no coverage under policy at issue). The interpretation of an insurance policy is a question of law to be determined by the court. *Nova Cas. Co. v. Able Const., Inc.*, 983 P.2d 575, 577 (Utah 1999) (affirming no duty to defend). Where an insurance policy provision is not ambiguous, "there is no presumption in favor of the insured, and 'the policy language is construed according to its usual and ordinary meaning.'" *Fleming*, 701 Fed. Appx. at 740.

## IV. ARGUMENT

### A. The Policies do not afford Ortler a defense because there is no possibility of coverage for the Underlying Lawsuit.

Liability insurance policies include a duty to defend and a duty to indemnify an insured.[3] "In Utah, an insurer has a duty to defend 'when the insurer ascertains facts giving rise to potential liability under the insurance policy.'" *Basic Research, LLC v. Admiral Ins. Co.*, 297 P.3d 578, 580 (Utah 2013) (citation omitted) (finding no duty to defend). "Where the allegations, if proved, show 'there is no potential

---

[3] State Auto denies that Ortler qualifies as an insured under the Policies. However, even if he did (which State Auto denies), there would still be no coverage for the reasons discussed herein.

- 9 -

liability [under the policy], there is no duty to defend.'" *Id*. (*quoting Deseret Fed. Sav. & Loan Ass'n v. U.S. Fid. & Guar. Co.*, 714 P.2d 1143, 1147 (Utah 1986)). This is because an "insurer's obligation is not unlimited; the duty to defend is measured by the nature and kinds of risks covered by the policy." *Deseret*, 714 P.2d at 1146.

To determine whether an insurer owes a duty to defend, courts applying Utah law "examine the allegations in the complaint in light of the applicable provisions of the insurance policy." *Nova Cas. Co.*, 983 P.2d at 578. An "insurer must offer a defense" where "the underlying complaint alleges any facts or claims that might fall within the ambit of the policy." *Summerhaze Co., L.C. v. Fed. Deposit Ins. Corp.*, 332 P.3d 908, 920 (Utah 2014) (internal quotations omitted). Where there would be "no potential liability" under the policy if allegations in the underlying complaint were proved, an insurer has no duty to defend. *Deseret*, 714 P.2d at 1147.

### 1. *The Underlying Lawsuit does not Allege an "Occurrence" as to Ortler*

The Underlying Plaintiffs allege that Ortler sexually assaulted Underlying Plaintiff M. Johnson and sexually assaulted and battered Underlying Plaintiff Fischer. [ECF No. 2-1 Ex. A at ¶¶ 44-48, 61-63.] They then allege that when Underlying Plaintiff Fischer pressed rape charges, Ortler stalked, harassed, intimidated and retaliated against them to try to get Underlying Plaintiff Fischer to drop those charges. [*See id*. at ¶¶ 65-80.] Ortler's conduct was allegedly so egregious that the Underlying Plaintiffs sought – and obtained – multiple protective orders from the court. [*Id*. at ¶¶ 67-72.] There is no coverage for the causes of action against Ortler for this conduct – alleging sexual assault and battery and infliction of emotional distress – because any resulting injuries were not caused by an "occurrence," which is a threshold requirement for coverage under the policies.

More specifically, the Policies do not afford coverage for two (out of three) of the Underlying Plaintiffs' causes of action against him, *i.e.*, Sexual Assault (Underlying Plaintiff M. Johnson) and Sexual Assault and Battery (Underlying Plaintiff Fischer) because under Utah law, "[t]he gravamen of an assault and battery is the *actor's intention* to inflict injury." *D.D.Z. v. Molerway Freight Lines, Inc.*, 880 P.2d 1, 3 (Utah 1994) (emphasis in original) (citation omitted), *declined to follow on other grounds*, *Stephens v. Bonneville Travel, Inc.*, 935 P.2d 518 (Utah 1997); *Chilcoat v. San Juan County*, Case No. 4:19-CV-00027-DN-PK, 2020 U.S. Dist. LEXIS 55228, at *7 (D. Utah Mar. 30, 2020) (unpublished) (same). Thus, no alleged injuries caused by Ortler's alleged sexual assault and battery or sexual assault – including, any alleged emotional distress – were caused by an "occurrence"; and there is no potential coverage for those alleged injuries under the Policies.

The Policies likewise do not afford coverage for the Underlying Plaintiffs' third cause of action against him, alleging infliction of emotional distress. While this cause of action includes allegations that Ortler unintentionally caused the Underlying Plaintiffs emotional distress as well allegations that he intentionally inflicted emotional distress [ECF No. 2-1 Ex. A at ¶¶ 196-98], the Underlying Plaintiffs only allege conduct by Ortler – sexual assault, sexual battery, stalking, harassment, intimidation, and retaliation – which is intentional in nature and from which an intent to injure can be inferred.

To this end, the Policies define "occurrence" as "an accident, including continuous or repeated exposure to the same general harmful conditions." [ECF No. 2-2, Ex. B at SA_000020; ECF No. 2-3, Ex. C at SA_000043; ECF No. 2-4, Ex. D at SA_000066.] Utah's Supreme Court has explained that the term "accident" has been defined as "'descriptive of means which produce effects which are not their natural and probable consequences. . . .'" *N.M. ex rel. Caleb v. Daniel E.*, 175 P.3d

566, 569 (Utah 2008) (quoting *Richards v. Standard Acc. Ins. Co.,* 58 Utah 622, 200 P. 1017, 1023 (1921)). The Court has further explained that "bodily injury" is deemed non-accidental, and thus not an "occurrence" when the harm or damage is either: (1) "the result of actual design or intended by the insured"; or (2) "the natural and probable consequence of the insured's act or should have been expected by the insured." *N.M ex rel. Caleb v. Daniel E.*, 175 P.3d 566, 569 (Utah 2008). These tests confirm that no "occurrence" has been alleged here given the Underlying Plaintiffs' allegations of sexual assault, sexual battery, stalking, harassment, intimidation, and retaliation.

Stated differently, coverage turns on the facts pled by the Underlying Plaintiffs, not their legal theory. *See, e.g., Encompass Indem. Cop. v. J.H. and D.C.*, Case No. 1:16-cv-00018-DN, 2017 U.S. Dist. LEXIS 73085, at *21 (D. Utah May 12, 2017) (unpublished) (stating that "'Utah law looks to the substance of a particular claim not its form.'") (*citing Great Am. Ins. Co. v. Woodside Homes Corp.*, 448 F.Supp.2d 1275, 1285 (D. Utah 2006) (same)); *Taylor v American Fire & Cas. Co.*, 925 P.2d 1279, 1282 (Utah Ct. App. 1996) (rejecting argument that coverage should be determined by focusing "exclusively on the theory of recovery asserted in the complaint" rather than the underlying cause of the injuries at issue). Here, the *substance* of the Underlying Plaintiffs' cause of action for infliction of emotional distress is that Ortler stalked, harassed, retaliated, and intimidated them, which was done "with the intention of intimidating [Underlying Plaintiff Fischer] into dropping the rape charges." [ECF No. 2-1 Ex. A at Introduction, *see also* ¶¶ 65-80 (further alleging Ortler's stalking, harassment, intimidation, and retaliation against the Underlying Plaintiffs.] Thus, none of the injuries allegedly resulting from Ortler's conduct were caused by an "occurrence".

For the same reasons, the Policies' Expected or Intended Injury Exclusion, which bars coverage for "'[b]odily injury' … expected or intended from the

standpoint of the insured," also bars coverage for these causes of action against Ortler. [See ECF No. 2-2 Ex. B at SA_000008-09; ECF No. 2-3 Ex. C at SA_000031-32; ECF No. 2-3 Ex. D at SA_000054-55.] *Cf. Auto-Owners Ins. Co. v.Timbersmith*, Case No. 2:12-cv-00786, 2016 U.S. Dist. LEXIS 78748, at *14 (D. Utah June 15, 2016) (unpublished) (noting standard for "determining whether there is an accident" – *i.e.*, "***whether the result of the act was intended or expected from the perspective of the insured***.") (emphasis added); *Cole v. State Farm Fire & Cas. Co.*, 25 Fed.Appx. 791, 795 (10th Cir. 2002) (unpublished) (applying Colorado law) (finding "at a minimum", sexual assault "is barred by the exclusion for bodily injury which is either expected or intended by the insured"); *Erie Ins. Prop. & Cas. Co. v. Dolly & B.D.K.*, 507 F.Supp.3d 702, 705 (N.D. West Va. 2020) (applying West Virginia law) (under exclusion which barred coverage for "bodily injury . . . 'expected or intended'" by a "'protected'" person, insurer had no obligation to defend or indemnify "damages allegedly caused by the sexual misconduct of the insured.").

### 2. *Emotional Distress Allegedly caused by Ortler's Stalking, Harassment, Intimidation and Retaliation Does not Constitute "Bodily Injury" Under the Policies*

Even if Ortler's stalking, harassment, intimidation, and retaliation "unintentionally" caused emotional distress (which they do not), there still would be no coverage for this claim because emotional distress does not constitute "bodily injury." Utah's Supreme Court has stated that "'bodily' is commonly understood to refer to, simply, the 'body'". *Progressive Cas. Ins. Co. v. Ewart*, 167 P.3d 1011, 1014 (loss of consortium claim was not a claim for "bodily injury", as used in statutes requiring automobile liability coverage). Here, Underlying Plaintiff M. Johnson, Underlying Plaintiff A. Johnson and Underlying Plaintiff Barlow allege that they are "traumatized by [Ortler's] . . . stalking, intimidation, and retaliation

against [them] and [their] family members." [ECF No. 2-1 Ex. A at ¶¶ 96-98.] This alleged distress is not "bodily injury, sickness or disease sustained by a person" as required by the Policies. [*See* ECF No. 2-2, Ex. B at SA_000019; ECF No. 2-3, Ex. C at SA_000042; ECF No. 2-4, Ex. D at SA_000065.] In the absence of such allegations, there is no alleged "bodily injury" and thus, no coverage for the Underlying Plaintiffs' remaining claim against Ortler. *See Cannon v. State Farm Mut. Auto Ins. Co.*, Case No. 2:13-cv-186 DN, 2013 WL 5563303, at *14 (D. Utah Oct. 7, 2013) (unpublished) (individual who claimed loss of consortium "did not have a bodily injury and thus did not suffer sickness, disease, or death resulting from [his alleged] loss of consortium.").

### B. Because there is no duty to defend Ortler, there is no duty to indemnify Ortler.

The duty to defend is broader than the duty to indemnify. *Owners Ins. Co. v. Greenhalgh Planning & Devel., Inc.*, Case No. 22-4008, 2023 U.S. App. LEXIS 20137 (10th Cir. Aug. 4, 2023) (unpublished) (finding no duty to defend and therefore no duty to indemnify). Under Utah law, "'there cannot be a duty to indemnify' if there is no duty to defend.'" *Id*. at *5 (*quoting Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1328 (10th Cir. 2019)).

Here, neither the duty to defend nor the duty to indemnify is implicated by the Underlying Lawsuit. That is because the Underlying Lawsuit does not allege an "occurrence" as to Ortler, and any "emotional distress" caused by Ortler's stalking, harassment, intimidation and retaliation of the Underlying Plaintiffs' does not constitute "bodily injury" as defined by the Policies. For the same reason, State Auto has no duty to indemnify Ortler for damages in the Underlying Lawsuit. State Auto is therefore entitled to judgment as a matter of law on Count I, and a declaration that the Policies do not afford coverage – defense or indemnity – for the Underlying Lawsuit.

## V. CONCLUSION

For the reasons set forth above, State Auto respectfully requests that the Court grant its Rule 12(c) Motion and enter judgment on Count I, holding that because the Policies do not afford coverage for the Underlying Lawsuit, State Auto has no duty to defend or indemnify Ortler against the Underlying Lawsuit.

| | |
|---|---|
| Dated: August 5, 2024 | STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, Plaintiff |
| | */s/ Rebecca L. Hill* |
| | Rebecca Hill |
| | Christensen & Jensen, P.C. |
| | 257 East 200 South, Suite 1100 |
| | Salt Lake City, Utah 84111 |
| | Telephone: (801) 323-5000 |
| | Email: Rebecca.hill@chrisjen.com |
| | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C. |
| | Nancy D. Adams (admitted pro hac vice) |
| | nadams@mintz.com |
| | Ellen M. Farrell (admitted pro hac vice) |
| | emfarrell@mintz.com |
| | Jennifer Y. Kim (admitted pro hac vice) |
| | jkim@mintz.com |
| | Telephone: (617) 542-6000 |

519519589v.2