IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES ORTLER, APRIL FISCHER, MILLINDA JOHNSON, AIMEE JOHNSON and SARAH BARLOW,<br><br>Defendants. | MEMORANDUM ORDER DENYING MOTION FOR EXTENSION OF TIME<br><br><br>Case No. 4:24-cv-00023-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendant James Ortler's ("Ortler") Motion for Extension of Time.[1] Ortler seeks to extend the time to file his opposition to Plaintiff State Auto Property & Casualty Insurance Company's ("State Auto") Motion for Judgment on the Pleadings[2] until the Court rules on Ortler's Motion to Stay.[3] For the reasons discussed below, the Court will deny Ortler's Motion for Extension of Time to the extent it requests a stay of the briefing on State Auto's Motion for Judgment on the Pleadings until after the Court has decided Ortler's Motion to Stay. However, given the fast-approaching deadline for Ortler to file his opposition to State Auto's Motion for Judgment on the Pleadings, the Court will grant a fourteen (14) day extension for Ortler to file his opposition from the date it is currently due.

---

[1] Docket No. 52, filed August 23, 2024.

[2] Docket No. 43.

[3] Docket No. 50.

1

## I.  BACKGROUND

State Auto seeks a declaration of its rights and obligations as to Ortler in an underlying lawsuit. State Auto insures an apartment complex called Copper Chase Condominium Association ("Copper Chase"). Mr. Ortler is the President of said complex. He allegedly used his position of power to sexually assault, batter, stalk, harass, and intimidate four women who lived within the complex. These women (the other four nominal defendants in this case) sued Ortler in Utah state court (the "Underlying Lawsuit"). State Auto asserts it has no obligation to defend or indemnify Mr. Ortler in that case but has agreed to defend him under a reservation of rights.

State Auto has filed its Motion for Judgment on the Pleadings. That Motion seeks a declaration that it has no duty to defend or indemnify Ortler for the Underlying Lawsuit because the applicable insurance policies do not provide coverage. Ortler has filed a Motion to Stay, seeking to stay resolution of this case until the Underlying Lawsuit is resolved. In addition, Ortler has filed this Motion in which he seeks to extend the time for him to file his opposition to the Motion for Judgment on the Pleadings until after the Motion to Stay is resolved.

## II.  DISCUSSION

Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." "The rule's requirements are quite flexible, and the district [court] enjoys broad discretion to grant or deny an extension, but several courts have made it clear that an enlargement of the time period is by no means a matter of

right."[4] "Common sense indicates that among the most important factors are the possibility of prejudice to the other parties, the length of the applicant's delay and its impact on the proceeding, the reason for the delay and whether it was within the control of the movant, and whether the movant has acted in good faith."[5]

Here, Ortler requests an extension of time to respond to State Auto's Motion for Judgment on the Pleadings until the Motion to Stay is resolved. The Motion to Stay, in turn, requests that these proceedings be stayed until the Underlying Lawsuit is resolved.

In Utah, analysis of a duty to defend claim is typically limited to two documents: the insurance policy and the complaint in the underlying action. This limitation is referred to as the "eight-corners rule."[6] Under the eight-corners rule, when the allegations of the underlying suit, if proven, show "there is no potential liability [under the policy], there is no duty to defend."[7] And "[i]f there [is] no duty to defend, there cannot be a duty to indemnify" because "[u]nder Utah law, the duty to indemnify is narrower than the duty to defend."[8]

---

[4] 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1165 (3d ed. 2002).

[5] *Id.*

[6] *Equine Assisted Growth & Learning Ass'n v. Carolina Cas. Ins. Co.*, 2011 UT 49, ¶ 18, 266 P.3d 733 (stating that "we examine the language of the policy and compare it to the allegations made in a complaint to ascertain the scope of coverage provided by the policy").

[7] *Deseret Fed. Sav. v. U.S. Fid. & Guar.*, 714 P.2d 1143, 1147 (Utah 1986); *see also Equine Assisted Growth & Learning Ass'n*, 2011 UT 48, ¶ 18 ("If the language found within the collective 'eight corners' of these documents clearly and unambiguously indicates that a duty to defend does or does not exist, the analysis is complete.")

[8] *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1328 (10th Cir. 2019)

Granting an extension would prejudice State Auto by requiring them to continue to defend Ortler in the Underlying Lawsuit despite their contention that there is no such duty. While expressing no opinion on the merits of the pending Motion to Stay, judicial economy is best served by having the Motion for Judgment on the Pleadings continue to be briefed. Indeed, further briefing will be beneficial in determining whether a stay is warranted. Such briefing may help determine whether there are ambiguities in the policies that caution against resolution of coverage issues at this stage or whether there are facts in the Underlying Lawsuit that might support a finding that a duty to defend exists. Without the full benefit of the adversarial process, the Court is inadequately equipped to determine the issues raised in Ortler's Motion to Stay, to say nothing of State Auto's Motion for Judgment on the Pleadings.

In sum, the Court believes that continued briefing of the salient issues will aid the resolution of the motions currently pending before the Court. And while Ortler's concerns about time and expense devoted to responding to State Auto's Motion for Judgment on the Pleadings are understandable, those concerns must be weighed against the time and expense that State Auto might incur if it must continue to defend Ortler in the Underlying Lawsuit if it is not contractually obligated to do so. In the Court's estimation, the interests of justice are best served by having the pending motions fully and fairly litigated.

### III.  CONCLUSION

It is therefore

ORDERED that Ortler's Motion for Extension (Docket No. 52) is DENIED. It is further

ORDERED that Ortler's opposition to State Auto's Motion for Judgment on the Pleadings (Docket No. 43) is extended to September 17, 2024.

DATED this 30th day of August, 2024.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge